145 F.3d 1347
 98 CJ C.A.R. 2633
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wendell Lamont WILLIAMS, Defendant-Appellant.
 No. 97-6247.
 United States Court of Appeals,
Tenth Circuit.
 May 26, 1998.
 
 Before PORFILIO, BARRETT, and HENRY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining defendant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant Wendell Lamont Williams appeals the district court's denial of his motion to vacate, set aside or correct his sentence, brought pursuant to 28 U.S.C. § 2255. Because defendant has not made a substantial showing of the denial of a constitutional right, we deny his application for a certificate of appealability and dismiss the appeal.
 
 
 4
 In February 1994, pursuant to a plea agreement, defendant pled guilty to one count of conspiracy to distribute crack cocaine in exchange for dismissal of the remaining counts of a superseding indictment. He was sentenced to 360 months' incarceration, based on coconspirator testimony linking him to the distribution of ninety-four ounces of cocaine base; evidence of his managerial role in the conspiracy; and his failure to take responsibility for his conduct. Defendant did not appeal.
 
 
 5
 On April 21, 1997, defendant filed his § 2255 motion, alleging his attorney was ineffective in failing to object to the amount of cocaine attributed to him, to his designation as a manager, and to the finding that he did not take responsibility for his conduct. The district court denied the motion, finding that counsel's decision not to object was neither deficient nor prejudicial. This appeal followed.
 
 
 6
 Before maintaining this appeal, defendant must obtain a certificate of appealability by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Defendant's claim of ineffective assistance does not meet this burden. To show his attorney was ineffective in failing to object to the factors used in calculating his sentence, defendant must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance was prejudicial. See United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). Defendant has not shown either deficient performance or prejudice.
 
 
 7
 The record makes clear that defendant's attorney considered challenging the amount of cocaine attributable to defendant but made a tactical decision not to do so. See R. I, Plea Hearing Tr. dated Feb. 14, 1994, at 11. Further, defendant has not presented any evidence demonstrating that less than ninety-four ounces were involved. The court's findings that defendant took a managerial role and that he had not accepted responsibility are supported by the record, and defendant has not shown how an objection would have been successful. Finally, in light of counsel's stated strategy of obtaining a sentence reduction based on defendant's future cooperation, defendant has not shown the decision to refrain from objecting to the sentencing factors was anything but tactical.
 
 
 8
 We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and presume that "under the circumstances, the challenged action might be considered sound trial strategy." Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (quotations omitted). Absent evidence overcoming this presumption of effective representation, we deny defendant's application for a certificate of appealability.
 
 
 9
 The appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3