FILED
United States Court of Appeals
Tenth Circuit

February 27, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

GERALD ADRIAN BROWN,

     Defendant-Appellant.

No. 08-8043

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 2:05-CR-077-J)**

---

Submitted on the briefs:

Gerald Adrian Brown, Defendant-Appellant, filed a brief *pro se*.

Kelly H. Rankin, United States Attorney, and James C. Anderson, Assistant
United States Attorney, Cheyenne, Wyoming, for Plaintiff-Appellee.

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

     Defendant-Appellant Gerald Adrian Brown, proceeding pro se, contends the

district court erred by denying his motion to reduce his sentence pursuant to 18

U.S.C. § 3582(c)(2), based on the retroactive modification to the United States Sentencing Guidelines ("Sentencing Guidelines"). The Sentencing Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine. Amendment 706 took effect November 1, 2007 and was made retroactive as of March 3, 2008. See U.S.S.G. App. C Supplement, Amendment 706 (Nov. 1, 2007) (regarding 2-level reduction); U.S.S.G. App. C. Supplement, Amendment 713 (Mar. 3, 2008) (regarding retroactivity). We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court.[1]

## I. Procedural and Factual History

In March 2005, Brown was indicted on multiple drug charges, including: one count of aiding and abetting the distribution of more than 5 grams of cocaine base (*i.e.*, "crack" cocaine), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2; one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and one count of possession with intent to distribute cocaine base, also in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Brown pleaded not guilty and was convicted following a jury trial on all counts. Brown was subsequently sentenced to 165 months' imprisonment, 4

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

years of supervised release, and assessed a fine.[2]

Prior to sentencing, a presentence report ("PSR") was prepared, which calculated a Sentencing Guidelines § 2D1.1 base offense level of 38, based in part on "a conservative estimate of the defendant's relevant conduct" of possession with intent to distribute 2.27 kilograms of cocaine base in his crack cocaine charges. App. Vol. 10 ¶ 11. The PSR also recommended that two offense levels be added because Brown possessed a firearm during the course of his illegal conduct. Id. ¶ 18. With this firearm enhancement, Brown's offense level became 40. The PSR calculated Brown's criminal history score to be zero, placing Brown in Criminal History Category I. As a result, Brown's PSR advisory Sentencing Guidelines range was 292 to 365 months' imprisonment.

Prior to Brown's sentencing hearing, Brown objected to the PSR's findings and filed a memorandum in opposition to those findings. Brown argued that the district court would violate United States v. Booker, 543 U.S. 220 (2005), if it sentenced Brown for uncharged conduct, and that the district court could only impose a sentence based upon the drugs involved in the three counts of conviction. Brown also argued that there was no rational basis for the disparity between the Sentencing Guidelines for crack cocaine versus powder cocaine, and that the court should grant Brown a downward variance based upon that disparity.

---

[2] Brown's conviction and sentence were affirmed on direct appeal. United States v. Brown, 212 F. App'x 736, 2007 WL 64835 (10th Cir. 2007) (unpublished).

3

App. Vol. 1 Doc. 79.

At the sentencing hearing, the government presented evidence regarding the scope and extent of Brown's crack cocaine distribution. At the conclusion of that hearing, the district court rejected Brown's argument that <u>Booker</u> required that a sentence be imposed based solely upon relevant conduct found by a jury after applying a beyond-a-reasonable-doubt standard. The district court then found that Brown's relevant conduct involved the distribution of approximately 1.2 kilograms of crack cocaine, resulting in a base offense level of 36. The district court found that two offense levels should be added because Brown possessed a firearm during the course of his drug distribution activities, resulting in a final offense level of 38. With his Criminal History Category of I, Brown's advisory Sentencing Guidelines range was 235 to 293 months' imprisonment.[3] App. Vol. 8 at 55-63.

The district court then considered Brown's argument regarding the crack versus powder cocaine Sentencing Guidelines disparity. The district court found that the disparity entitled Brown to a downward variance of his final offense level by four levels to 34, reducing his advisory Sentencing Guidelines range to 151 to 188 months' imprisonment. <u>Id.</u> at 65-68. The district court then sentenced

---

[3] This Sentencing Guidelines range of 235 to 293 months' imprisonment resulting from an offense level of 38 was Brown's "applicable guideline range" as referenced in U.S.S.G. § 1B1.1 cmt. n.1E, and further defined in <u>United States v. Villa-Vazquez</u>, 536 F.3d 1189, 1197 (10th Cir. 2008) (defining the "applicable guideline range" as the range calculated <u>before</u> departures or variances).

4

Brown to 165 months' imprisonment.

On direct appeal, Brown argued that the district court erred by "considering evidence of cocaine sales proven only by a preponderance of the evidence at sentencing." Brown, 212 F. App'x at 738. We concluded that Brown's argument was foreclosed by United States v. Magallanez, 408 F.3d 672, 684-85 (10th Cir. 2005), which we characterized as holding "that a district court is not bound by the findings of the jury at sentencing. Rather, sentencing facts are based on the evidence and testimony presented at sentencing under a preponderance of the evidence standard." Brown, 212 F. App'x at 741. See also United States v. Ivory, 532 F.3d 1095, 1103 (10th Cir. 2008) (holding that there is no Booker error when a district court uses a preponderance of the evidence standard to determine the appropriate Sentencing Guidelines range as long as the Sentencing Guidelines are considered advisory); United States v. Townley, 472 F.3d 1267, 1276 (10th Cir. 2007) ("Appellant incorrectly argues that Booker error occurs any time a district court enhances a sentence based on facts not found by a jury. Rather, after Booker, a district court is not precluded from relying on judge-found facts in determining the applicable Guidelines range so long as the Guidelines are considered as advisory rather than mandatory."); United States v. Rodriguez-Felix, 450 F.3d 1117, 1130 (10th Cir. 2006) ("After Booker, a constitutional violation lies only where a district court uses judge-found facts to enhance a defendant's sentence mandatorily under the [Sentencing Guidelines],

5

and not where a court merely applies such facts in a discretionary manner."). We also concluded that if we considered Brown's new argument raised in his reply brief, that the district court's finding that Brown possessed a firearm in connection with his drug dealing activity was not supported by the preponderance of the evidence standard, the "high standard of clear error review would not allow us to overturn the judge's ruling that the .45 caliber clip and bullets carried by Brown were in connection with drug dealing and supported the firearm enhancement." Brown, 212 F. App'x at 741 n.3.

In the motion that is the subject of this appeal, Brown seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on retroactive application of Amendment 706. App. Vol. 1 Doc. 106. Brown's argument in the memorandum submitted to the district court in support of his motion appears, at first glance, to be wide-ranging. Upon closer review, however, Brown's additional arguments appear to fall within two broad categories. In addition to his request for a reduction in his sentence based on Amendment 706, Brown argued: (1) the district court should reconsider his sentence under 18 U.S.C. § 3553(a), Booker, and Kimbrough v. United States, 128 S. Ct. 558 (2007); and (2) the district court should reconsider its use of uncharged relevant conduct in forming his new sentence. Id. Doc. 107.

The district court denied Brown's motion. The district court stated:

> At sentencing, the Court found that the relevant conduct

6

totaled 1.2 kilograms of cocaine base, which resulted in a Base Offense Level of 36. Additionally, Defendant received a two-level enhancement for having a firearm. The resulting Total Offense Level was 38, providing a sentencing range of 235 to 293 months. After consideration, the Court adjusted the offense level to 34 to provide a more reasonable sentence, thus reducing the sentencing range to 151 to 188 months. Defendant was sentenced to 165 months. <u>The 165 months imposed is lower than the sentence Defendant would have received pursuant to Amendment 706.</u>

Since Defendant is serving a sentence imposed below the applicable guideline, the Court finds that a further reduction would be inappropriate.

<u>Id.</u> Doc. 114 (emphasis added) (internal footnote omitted).

Brown appeals the district court's denial of his motion. In his appeal, Brown additionally contends the district court erred by not appointing counsel and not holding a hearing on his § 3582(c)(2) motion.

## II. Legal Standards and Analysis

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." <u>United States v. Smartt</u>, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation omitted). We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2). <u>United States v. Dorrough</u>, 84 F.3d 1309, 1311 (10th Cir. 1996). When a "motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." <u>Smartt</u>, 129 F.3d at 540 (internal quotation and alteration

7

omitted).

Title 18 U.S.C. § 3582(c)(2) states that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added). The Sentencing Commission states that a reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. [§] 3582(c)(2) if" the reduction "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Sentencing Guidelines section 1B1.10(b)(1) also states that when determining whether a reduction is appropriate, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced."

At the time Brown was sentenced, had Amendment 706 been in place, it would have lowered by two levels his total offense level from 38 to 36. See U.S.S.G. § 2D1.1(c)(1) (base offense level); id. § 2D1.1(b)(1) (firearm enhancement). His "applicable guideline range" for this offense level would have been 188 to 235 months' imprisonment. However, even though Amendment 706 was not yet in existence when Brown was sentenced, the district court essentially

8

gave Brown the benefit of Amendment 706 by varying downward, reducing his offense level from 38 to 34. The district court based its variance on the Sentencing Guidelines disparity between crack versus powder cocaine. The Sentencing Guidelines range for this offense level was 151 to 188 months' imprisonment. The district court then sentenced Brown to 165 months' imprisonment, a sentence that was lower than the Sentencing Guidelines range had Amendment 706 been in effect at the time of Brown's sentencing.

The United States Sentencing Commission has noted that generally a sentence reduction would not be appropriate if the defendant had already received a downward variance at the original sentencing. See id. § 1B1.10(b)(2)(B) ("[I]f the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."). Brown's motion for relief pursuant to § 3582(c)(2) was properly denied.

Brown's additional arguments in support of his § 3582(c)(2) motion fare no better. First, the district court did not resentence Brown and therefore had no occasion to consider the 18 U.S.C. § 3553(a) factors. See id. § 1B1.10(a)(3) (providing that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant"). In addition, we have previously rejected Brown's argument that the Booker line of cases provide a separate basis for relief under § 3582(c)(2). United States v. Price, 438 F.3d

9

1005, 1007 (10th Cir. 2006). We explained in Price that "even if Booker could be read to be an implicit lowering of [defendant's] sentencing range, § 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range." Id. Thus, "Booker does not provide a basis for a sentence reduction under § 3582(c)[(2)]." Id. Because the rule in Kimbrough also comes from the Supreme Court and not the Sentencing Commission, it is also not a basis for relief under § 3582(c)(2). United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008).

Further, we will not reconsider arguments in support of Brown's § 3582(c)(2) motion that were previously rejected in Brown's direct appeal, and therefore will not address Brown's claims of error in the calculation of his base offense level based on "relevant conduct" and the firearm enhancement. This is not the purpose of a § 3582(c) motion. A § 3582(c)(2) motion does not provide the district court with the opportunity to begin the entire sentencing process anew, but rather the district court's discretionary authority is expressly limited by the scope of § 3582(c). See Smartt, 129 F.3d at 541 ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [the defendant's] request."); 18 U.S.C. § 3582(c) (restricting the modification of an imposed term of imprisonment to limited circumstances); see also Sharkey, 543 F.3d at 1239 ("Section 3582(c) allows the court to modify a sentence in only three limited

10

circumstances, including: (1) on motion of the Director of the Bureau of Prisons if special circumstances exist; (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the sentencing range is subsequently lowered by the Sentencing Commission."). And finally, "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . ." Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008). Given that Brown's request for sentencing reduction is clearly contrary to the Sentencing Commission's policy statement, the district court did not abuse its discretion in ruling on Brown's motion without the appointment of counsel or an evidentiary hearing.

## III. Conclusion

The district court correctly interpreted Amendment 706, and did not abuse its discretion when it denied Brown's 18 U.S.C. § 3582(c)(2) motion. See Smartt, 129 F.3d at 540 (dictating de novo review of a district court's interpretation of a statute or the Sentencing Guidelines); Dorrough, 84 F.3d at 1311 (noting that the "retroactive application of a change in the offense level of the Sentencing Guidelines is not required . . . but rather falls within the district court's discretion").

AFFIRMED.