**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LaQUANTO DARRINGTON,

    Defendant - Appellant.

No. 08-6232
(D.C. No. 5:03-CR-00229-R-1)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY, ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

In January 2004, LaQuanto Darrington pled guilty to one count of

knowingly and intentionally distributing approximately one kilogram of "crack"

cocaine or cocaine base, in violation of 21 U.S.C. § 841(a)(1). In response to the

United States Sentencing Commission's promulgation of Amendment 706,

reducing the base offense levels for crack cocaine-related offenses, the United

States Probation Office for the Western District of Oklahoma reviewed

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Mr. Darrington's case and determined that he was eligible for relief. Counsel was appointed to assist Mr. Darrington; his counsel filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Mr. Darrington's motion, and this appeal followed. We affirm.

**BACKGROUND**

As indicated, Mr. Darrington pled guilty to the distribution of approximately one kilogram of cocaine base. In preparation for sentencing, the probation office prepared a presentence report ("PSR") recommending a sentence under the United States Sentencing Commission, Guidelines Manual ("USSG") (2003). The PSR calculated a base offense level of 38, to which two levels were added because Mr. Darrington possessed a dangerous weapon, see USSG §3B1.1(c), and then from which three levels were subtracted for acceptance of responsibility. See USSG §3E1.1(a). This resulted in a total offense level of 37[1] which, with a criminal history category of II, yielded a then-mandatory Guidelines sentencing range of 235 to 293 months' imprisonment.

Additionally, based on the fact that Mr. Darrington's offense was a violation of 21 U.S.C. § 841(a)(1), he was subject to a mandatory minimum

[1]The PSR actually calculated Mr. Darrington's total offense level at 39, which included a two-level increase for his role in the offense, pursuant to USSG §3B1.1(c). The district court granted Mr. Darrington's objection to that increase for his role in the offense, which resulted in Mr. Darrington having a total offense level of 37.

statutory term of ten years under § 841(b)(1)(A). However, the government filed a motion under USSG §5K1.1, based upon Mr. Darrington's substantial assistance, including a request for relief under 18 U.S.C. § 3553(e), which provides limited authority to impose a sentence below the statutory mandatory minimum. After considering both the PSR and the §5K1.1 motion, the district court departed substantially downward and sentenced Mr. Darrington to 108 months' imprisonment, followed by five years of supervised release. That sentence was 127 months below the Guideline range, and one year below the mandatory statutory minimum of ten years.

As indicated above, the United States Sentencing Commission promulgated Amendment 706 to the Guidelines, which reduced the base offense levels for crack cocaine-related offenses, on November 1, 2007. See United States v. Rhodes, 549 F.3d 833, 835 (10th Cir. 2008), cert. denied, 2009 WL 178619 (U.S. Apr. 27, 2009). The Sentencing Commission subsequently promulgated two amendments which, together, operated to make Amendment 706 retroactive. Id. Invoking the district court's jurisdiction pursuant to 18 U.S.C. § 3582(c), Mr. Darrington's appointed counsel accordingly filed a motion for reduction of his sentence under Amendment 706, which would have the effect of lowering Mr. Darrington's total offense level to 35, with a resulting Guideline range of 188 to 235 months' imprisonment.

18 U.S.C. § 3582(c) provides that:

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> . . .
>
> (2)    in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)[3], upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

See United States v. Brown, 556 F.3d 1108, 1112 (10th Cir. 2009).  As pertinent to this case, USSG §1B1.10 states as follows regarding alterations of sentences which were below the Guideline range when originally imposed:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

USSG §1B1.10(b)(2)(B).  Accordingly, as Mr. Darrington stated in his motion for a reduction in his sentence:

> Mr. Darrington's original sentence, 108 months, was approximately 46 per cent. of the low end of the guideline range.  If the low end of revised advisory guidelines range, 188, is reduced proportionally, the result is approximately 86 months.  If Mr. Darrington were resentenced to 87 months' confinement, his projected release date would be March 7, 2010.

Motion at 4, R. Vol. 1 at 36. The Preliminary Report ("PR") prepared by the probation office in connection with its review of the applicability of Amendment 706 similarly concluded that, were Mr. Darrington's sentence to be reduced proportionally from his below-Guidelines 108-month sentence, the amended sentence would be 87 months. The PR also noted that Mr. Darrington had committed a violation while in prison, consisting of possession of drugs/drug items, for which he lost forty days of good conduct credits, received sixty days of disciplinary segregation and lost visiting privileges for one year. See PR at 2, R. Vol. 1 at 40.

The district court denied Mr. Darrington's § 3582(c) motion to reduce his sentence, finding that "[t]he Defendant previously received a significant downward departure and has had a serious violation while in prison." Order, doc. 112, R. Vol. 1 at 44. Mr. Darrington argues that denial was an abuse of discretion, because he "was not disqualified from relief based on the prior downward departure[, and] [t]o the extent the court relied on the prior downward departure to deny relief, its decision was a misapplication of Amendment 706." Appellant's Op. Br. at 6.

## DISCUSSION

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir.

2008) (further quotation omitted). "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." Id.; see also Brown, 556 F.3d at 1111. As the government argues, both the statute (§ 3582(c)) and the applicable Guideline (USSG §1B1.10) make the decision whether to lower a sentence following the reduction of the relevant Guidelines sentencing range discretionary. Thus, § 3582(c) states that "the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). USSG §1B1.10 provides that "the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." (emphasis added). USSG §1B1.10(b)(2)(B) provides that a proportionally reduced sentence "may be appropriate." (emphasis added).

Additionally, besides directing the court to consider applicable 3553(a) factors, the Guidelines state that, among the matters for consideration in reducing a sentence following an amendment to a Guideline range are, "public safety" and "post-sentencing conduct." USSG §1B1.10, comment. (n.1(B)). Nonetheless, a defendant is not entitled to a full resentencing based on a motion under § 3582(c)(2). See USSG §1B1.10(a)(3); Rhodes, 549 F.3d at 838-41; United

-6-

States v. Dunphy, 551 F.3d 247, 251-52 (4th Cir.), cert. denied, 2009 WL 772917 (U.S. May 18, 2009).

Among the factors to be considered under § 3553(a) are the character of the offense and the defendant's history; the need for the sentence to protect the public, afford deterrence, and reflect the seriousness of the offense; and the applicable sentencing range. As the Eleventh Circuit recently stated:

> [I]n determining whether to reduce a defendant's term of imprisonment, and to what extent, a district court: (1) shall consider the factors embodied in 18 U.S.C. § 3553(a); (2) shall consider the nature and seriousness of the danger to any person or the community that may be posed by the reduction; and (3) may consider the post-sentencing conduct of the defendant.

United States v. Smith, 2009 WL 1374590, at *3 (11th Cir. May 19, 2009) (citing USSG § 1B1.10, comment. n.1(B)).[2] While the district court in this case certainly did not provide much explanation for its refusal to reduce Mr. Darrington's sentence, we have never required lengthy and specific explanations as long as we are satisfied that the court was aware of its obligation to consider the appropriate sentencing factors. See United States v. Lopez-Flores, 444 F.3d 1218, 1222 (10th Cir. 2006) (noting that we do not require "a ritualistic incantation" or "magic words to show us that [the court] fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider" (further quotation omitted)).

---

[2]The commentary and application notes of the Guidelines are authoritative, unless they are plainly erroneous, inconsistent with the guideline they interpret, or contrary to the constitution or federal law. United States v. Morris, 562 F.3d 1131, 1135 (10th Cir. 2009).

The district court's explanation that it had already reduced Mr. Darrington's sentence at his original sentencing, reflecting its assessment of the § 3553(a) factors and its discretion to impose a sentence it thought appropriate following the government's USSG §5K1.1 motion, reflects the court's assessment of the § 3553(a) factors as applied to Mr. Darrington now. Additionally, as is expressly permitted when considering a § 3582(c)(2) motion to reduce a sentence, the court considered Mr. Darrington's conduct while incarcerated, which consisted of a serious violation of the same type which led to Mr. Darrington's original conviction. We cannot say that the court abused its discretion in these circumstances. In so holding, we do not suggest that the sentence reduction at Mr. Darrington's original sentence in any way automatically disqualified him from a reduction now; rather, the district court did not abuse its discretion in considering that fact.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Mr. Darrington's § 3582(c)(2) motion.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge