**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 17, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

WENDELL LAMONT WILLIAMS,

     Defendant-Appellant.

No. 09-6129
(D.Ct. No. 5:93-CR-00181-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.


Defendant-Appellant Wendell Lamont Williams, a federal inmate appearing

*pro se*, appeals the district court's denial of his motion brought pursuant to 18

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

U.S.C. § 3582(c)(2) for the purpose of modifying his sentence based on Amendment 706 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I. Factual and Procedural Background

On February 14, 1994, pursuant to a plea agreement, Mr. Williams pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine base (crack) in exchange for dismissal of the remaining counts of a superseding indictment. *See United States v. Williams*, 145 F.3d 1347, 1998 WL 292444, at *1 (10th Cir. May 26, 1998) (unpublished op.). Prior to sentencing, a probation officer prepared a presentence report recommending a base offense level of thirty-eight based on conduct involving 2.664 kilograms of crack cocaine. In addition, the probation officer increased Mr. Williams's base offense level for his managerial role in the conspiracy and declined to recommend a reduction, given his failure to take responsibility for his conduct. *See id.* The resulting total offense level was forty-one, which, together with a criminal history category of III, resulted in a sentencing range of 360 months to life imprisonment. On May 23, 1994, the district court sentenced Mr. Williams to 360 months imprisonment and five years supervised release, *see id.*, resulting in a projected release date of May 23, 2024.

Mr. Williams did not appeal his conviction or sentence. *See id.* Thereafter, he sought relief under 28 U.S.C. § 2255, which the district court denied. *See id.* On May 26, 1998, this court denied Mr. Williams a certificate of appealability on his § 2255 motion and dismissed his appeal. *See id.* at \*\*1-2. On April 21, 2008, at Mr. Williams's request, the district court appointed him counsel for the purpose of filing a motion under 18 U.S.C. § 3582 for retroactive application of Amendment 706 to the Guidelines. Thereafter, on June 27, 2008, Mr. Williams and the government entered into a joint motion for retroactive application of Amendment 706 for a two-level reduction of Mr. Williams's base offense level, resulting in a total offense level of thirty-nine and a recommended sentence of 324 months imprisonment, for a new projected release date of July 9, 2017.

Attached to the joint motion was a preliminary report for considering a sentence reduction based on Amendment 706. The section of the report called "Institutional Adjustment" showed at least twenty disciplinary infractions committed by Mr. Williams while in prison, and the section called "Educational Programs" reported his completion of eight educational programs while incarcerated. The twenty institutional infractions, which occurred from October 1994 through March 2008, included possession of drugs or drug items, intoxicants, and unauthorized items and resulted in a total of nine instances of disciplinary segregation.

After considering the joint motion, the district court issued an order recognizing Mr. Williams's participation in several educational programs but also acknowledging his "long list of institutional infractions, many of which are serious." Based on his record at that time, it stated it would deny his motion but would give him an opportunity "to show he can conduct himself appropriately while incarcerated" and would "stay" his motion until July 7, 2012, when it would "review again [his] institutional adjustment to determine whether or not a sentence reduction is appropriate."

Almost a year later, on June 3, 2009, Mr. Williams filed a *pro se* motion pursuant to 18 U.S.C. § 3582, again requesting a two-level reduction under Amendment 706. On June 15, 2009, the district court issued another order, noting that since its initial order on Mr. Williams's original § 3582 motion he had committed yet another institutional infraction, on April 20, 2008. Based on Mr. Williams's misconduct during his incarceration, it denied the motion, stating again it would reconsider it after July 7, 2012.

## II. Discussion

Mr. Williams now appeals the denial of his motion for a reduction of his sentence, claiming the district court erred in denying him relief pursuant to 18 U.S.C. § 3582(c)(2) based on his post-rehabilitation history, which he claims has

nothing to do with lowering his sentence under the 18 U.S.C. § 3553(a) sentencing factors. We disagree.

In making our determination, "'[w]e review de novo the district court's interpretation of a statute or the sentencing guidelines.'" *United States v. Brown*, 556 F.3d 1108, 1111 (10th Cir.) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)), *cert. denied*, 130 S. Ct. 219 (2009). "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." *Id.* (relying on *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996)). At issue is Amendment 706 to the Guidelines which modified the drug quantity thresholds in U.S.S.G. § 2D1.1(c), the Drug Quantity Table, thereby lowering the sentencing range so that "[c]rack cocaine offenses for quantities above and below the mandatory minimum threshold quantities ... [were] adjusted downward by two levels." U.S.S.G., Supp. to App. C, Amend. 706 at 230 (Reason for Amend.). The relevant part of § 3582, on which Mr. Williams brought his motion for a reduction of sentence and the district court relied in denying his motion, states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), ... *the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable,* if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

-5-

18 U.S.C. § 3582(c)(2) (emphasis added).  Thus, the subsequent modification of the Guidelines pursuant to Amendment 706 does not make mandatory a sentencing reduction under § 3582.  Instead, it gives the district court discretion to determine whether to make such a reduction after considering the applicable § 3553(a) sentencing factors.  *See Brown*, 556 F.3d at 1111.  In this case, the district court clearly considered those sentencing factors when it looked at Mr. Williams's record of disciplinary infractions during his incarceration, including the fact he incurred an additional infraction since its last order.  Based on those infractions, and as an obvious means of deterring his misconduct and encouraging his compliance with penal rules, it denied Mr. Williams's motion, indicating it would consider a reduction at a later date – July 7, 2012 – well before the projected new release date of July 9, 2017.  Under these circumstances, we cannot say the district court abused its discretion under 18 U.S.C. § 3582(c)(2).

### III.  Conclusion

For the foregoing reasons, we **AFFIRM** the district court's order denying Mr. Williams's motion filed pursuant to 18 U.S.C. § 3582(c)(2).  We also **DENY** the government's motion to dismiss.[1]  We further caution Mr. Williams that

---

[1]  Prior to denying Mr. Williams's § 3582 motion, the district court stated "[i]f the Court ruled today it would deny the motion based on [Mr. Williams's] institutional conduct.  The Court may grant the motion if he successfully completes the stay the Court previously imposed."  Based on these statements and

(continued...)

should he file any future appeals on the application of Amendment 706 to the Guidelines prior to July 7, 2012, we may order him to show cause as to why his appeal should not be summarily dismissed on the same grounds as addressed in this appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[1](...continued)
the fact Mr. Williams did not file his notice of appeal until June 29, 2009, the government filed a motion to dismiss on timeliness and finality grounds. We reserved judgment on the government's motion pending our disposition of the appeal on the merits.

We now address and reject both the government's timeliness and finality arguments. First, the district court issued its order on June 15, 2009, so that the notice of appeal was not due until June 29, 2009. *See* Fed. R. App. P. 26(a)(2) (2009) (in computing any period of time specified in the Rules "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days"). As a result, Mr. Williams timely filed his appeal on June 29, 2009. Next, while the district court left open the possibility that relief may be granted in the future, it nevertheless clearly stated at the conclusion of its order it "denied" Mr. Williams's motion. Thus, we conclude the district court's order is final for the purposes of this appeal.