**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GERALD A. BROWN,

      Defendant-Appellant.

No. 10-8004
(D.C. Nos. 2:07-CV-00057-ABJ and
2:05-CR-00077-ABJ-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

      Gerald A. Brown, a federal prisoner proceeding pro se, requests a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas

petition.[1] We deny a COA and dismiss the appeal.

      A jury convicted Brown of multiple drug crimes involving approximately fourteen

grams of cocaine and cocaine base. At sentencing, the district court permitted the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Brown proceeds pro se, we liberally construe his application for a COA. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

government to present evidence of other drug transactions allegedly linked to Brown. Based on this evidence, the court determined that Brown's sentence should reflect sales of over 1.2 kilograms of cocaine and cocaine base. The court also enhanced Brown's offense level by two based on its finding that Brown possessed a firearm during his drug distribution activities. After granting Brown a downward variance due to the disparity between the applicable sentencing ranges for crack and powder cocaine, the court sentenced Brown to 165 months' imprisonment.

Brown's conviction and sentence were affirmed on direct appeal. United States v. Brown, 212 Fed. App'x 736, 741 (10th Cir. 2007) (unpublished). Brown then filed a motion to reduce his sentence under Amendment 706 to the United States Sentencing Guidelines.[2] We affirmed the district court's denial of that motion, refusing to reconsider arguments previously rejected in Brown's direct appeal. United States v. Brown, 556 F.3d 1108, 1113 (10th Cir. 2009). In 2007, Brown filed a § 2255 habeas petition, alleging ineffective assistance of counsel, among other claims. The district court denied this petition and Brown's request for a COA. Brown timely appealed.

Because the district court did not grant him a COA, Brown may not appeal the district court's decision absent a grant of a COA by this court. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a

---

[2] Amendment 706 reduced the base offense levels for so-called "crack cocaine" crimes by two, thus reducing the sentencing ranges for these offenses. See United States v. Darton, 595 F.3d 1191, 1193 (10th Cir. 2010).

constitutional right." § 2253(c)(2). This requires Brown to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Brown raises two issues on appeal. First, he asserts his counsel was constitutionally ineffective for failing to object at sentencing or on direct appeal to the district court's consideration of drug quantities proved only by a preponderance of the evidence. Second, Brown claims that appellate counsel was constitutionally deficient because he failed to challenge the firearm enhancement on direct appeal.

The factual assertion underlying Brown's first argument is simply wrong. Defense counsel argued at sentencing and on direct appeal that consideration of drug quantities not proven to a jury beyond a reasonable doubt violated Brown's rights under United States v. Booker, 543 U.S. 220 (2005). We emphatically rejected that argument on direct appeal. Brown, 212 Fed. App'x at 741.

Appellate counsel did neglect to make any argument concerning Brown's firearm enhancement. But this omission does not constitute ineffective assistance: We held on direct appeal that "even if we were inclined to ignore the waiver, the high standard of clear error review would not allow us to overturn the judge's ruling" that evidence presented at sentencing supported the firearm enhancement. Brown, 212 Fed. App'x at

-3-

741 n.3. Consequently, any claims concerning the gun enhancement were without merit, and counsel's failure to raise this issue on direct appeal did not deprive Brown of his Sixth Amendment rights. See United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995) ("If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." (quotation omitted)).

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. Because Brown has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge