# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2013

Lyle W. Cayce
Clerk

No. 13-30173
Summary Calendar

GERALD BROWN,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:12-CV-674

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gerald Brown, federal prisoner # 33360-013, was convicted of drug-trafficking in the District of Wyoming. He filed a purported habeas petition under 28 U.S.C. § 2241 in the Western District of Louisiana where he was incarcerated. The district court construed the petition as a 28 U.S.C. § 2255 motion, dismissed it for lack of jurisdiction, denied Brown leave to appeal in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

forma pauperis (IFP), and certified that the appeal was not taken in good faith. Brown now moves for leave to appeal IFP.

By moving for IFP, Brown challenges the district court's certification that the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(3)(A). We ask only "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may rule on the merits or dismiss the appeal "where the merits are so intertwined with the certification decision as to constitute the same issue." *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Relying on *United States v. Booker*, 543 U.S. 220 (2005), and related Supreme Court decisions, Brown contended that his sentence was unlawful. Because he challenged his sentence, his petition was correctly construed as a § 2255 motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). Moreover, Brown does not show that his claims could be brought in a § 2241 petition under the savings clause of § 2255(e), because he does not establish that any claim "'is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense'" and that the claim "'was foreclosed by circuit law at the time when the claim should have been raised.'" *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). The action was properly dismissed because the district court lacked jurisdiction over the § 2255 motion, which could have been filed, if at all, only in the district where Brown was convicted. *See United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992).

No. 13-30173

Brown identifies no non-frivolous issue for appeal. His IFP motion is DENIED and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

This is the second constructive § 2255 motion that Brown has incorrectly presented as a habeas petition and filed in a court without jurisdiction. Moreover, the Tenth Circuit rejected the underlying premise of his claims on direct appeal years ago. *United States v. Brown*, 212 F. App'x 736, 741 (10th Cir. 2007); *see United States v. Brown*, 556 F.3d 1108, 1109-11 & n.3 (10th Cir. 2009). This appeal is frivolous. Brown is warned that further frivolous litigation will result in the imposition of monetary sanctions and limits on his access to federal courts.