FILED
United States Court of Appeals
Tenth Circuit

**January 11, 2017**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DREW SAMUEL BATES,

    Defendant - Appellant.

No. 16-7015
(D.C. No. 6:10-CR-000003-RAW-2)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, GORSUCH** and **McHUGH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

Defendant Drew Bates, a federal prisoner appearing pro se, sought and was

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

granted a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Dissatisfied with the extent of the reduction, Bates now appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In early 2010, a federal grand jury indicted Bates and a codefendant on one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 18 U.S.C. § 2. The case proceeded to trial in June 2010, where a jury convicted Bates of the single count alleged in the indictment. The district court subsequently sentenced Bates to a term of imprisonment of 190 months. In doing so, the district court varied downward from the advisory Guidelines sentencing range of 210 to 262 months, citing Bates' health, his minimal criminal history, and the need to avoid an unwarranted sentencing disparity between Bates and his codefendant. In January 2012, this court affirmed Bates' conviction on direct appeal. See United States v. Bates, No. 11-7042, 453 F. App'x 839 (10th Cir. Jan. 5, 2012).

In 2014, the United States Sentencing Commission promulgated Amendment 782, which provided for a retroactive, two-level decrease in the offense levels for certain drug offenses. See U.S.S.G. app. C, amend. 782. In March 2015, Bates filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), asserting that he was entitled to be resentenced in light of Amendment 782. The probation office prepared a report concluding that Amendment 782 resulted in a two-level reduction to Bates' total offense level, which in turn produced an amended advisory Guidelines sentencing range

of 168 to 210 months.  On March 1, 2016, the district court issued a minute order granting

Bates' motion and reducing his sentence from 190 months' imprisonment to 168 months'

imprisonment.  On March 10, 2016, Bates filed a notice of appeal from the district court's

order.

II

Bates concedes on appeal that the district court reduced his sentence in light of

Amendment 782.  But he nevertheless challenges the length of the reduced sentence.  In

doing so, Bates asserts two arguments.  First, Bates argues that the district court erred in

calculating his amended advisory Guidelines sentencing range.  More specifically, Bates

argues that the district court's calculations "result[ed] in a net gain of 1 level reduction"

to his total offense level, "rather than the 2 which were intended by the Sentencing

Commission."  Aplt. Br. at 11.

This argument is belied by the record on appeal.  At the original sentencing, the

district court calculated a total offense level of 36, a criminal history category of II, and a

resulting advisory Guidelines sentencing range of 210 to 262 months.[1]  In granting Bates'

motion for reduction of sentence, the district court calculated a total offense level of 34, a

criminal history category of II, and a resulting advisory Guidelines sentencing range of

168 to 210 months.  Thus, in sum, the district court's application of Amendment 782

quite clearly resulted in a two-level reduction to Bates' total offense level.

[1] Bates did not object to these Guidelines calculations at the time, nor did he
challenge them on direct appeal.

Bates also argues that the district court should have, as it did at the original sentencing proceeding, varied below the amended advisory Guidelines sentencing range in light of Bates' health and limited criminal history. We reject Bates' argument. Section 1B1.10(2)(A) expressly prohibits a district court from reducing a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(2)(A). The only exception to this rule is if, at the time of the original sentencing, the defendant received a below-Guidelines sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(2)(B). That exception is inapplicable here, however, because Bates proceeded to trial and received no reduction in his sentence for substantial assistance to authorities. Thus, in short, the district court in this case lacked authority to vary downward from the amended advisory Guidelines sentencing range.

In addition to challenging the length of his reduced sentence, Bates also complains that he "has been denied a record of sufficient completeness," most namely sentencing transcripts, "and appointment of counsel" in this matter. Aplt. Br. at 1. We reject these complaints. As the government correctly notes, the district court conducted no hearings in granting Bates' motion for reduction of sentence, and consequently there are no transcripts to be had. Further, "'[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction.'" United States v. Brown, 556 F.3d 1108, 1113 (10th Cir. 2009) (quoting Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008)). Consequently, the district court did not err in refusing to appoint counsel to represent

Bates in connection with his motion for reduction of sentence.

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge