FILED
United States Court of Appeals
Tenth Circuit

September 10, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DREW SAMUEL BATES,

    Defendant - Appellant.

No. 19-7061
(D.C. No. 6:10-CR-00003-RAW-2)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Seeking relief under the First Step Act of 2018, Drew Samuel Bates asserts

that the district court erred by refusing to consider whether he qualifies for a

mitigating-role adjustment and a reduced sentence based on the current version of the

United States Sentencing Guidelines. But in this court's recent decision in *United

States v. Brown*, ___ F.3d ___, No. 19-7039, 2020 WL 5384936, at \*5 (10th Cir.

Sept. 9, 2020), we concluded that, at a First Step Act resentencing, district courts

may not substitute the current version of the Guidelines for the version of the

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Guidelines in effect at the time of the original sentencing. Because *Brown* refutes the sole basis for this appeal, we affirm.

## BACKGROUND

In June 2010, a federal jury convicted Bates for knowingly and intentionally possessing 50 grams or more of cocaine base with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (2006). Applying the 2009 version of the United States Sentencing Guidelines, a United States Probation Officer calculated that Bates's advisory Guidelines range was 210 to 262 months' imprisonment. On May 17, 2011, the district court varied downward and sentenced Bates to 190 months' imprisonment. Later, on March 1, 2016, the district court granted Bates's motion for a sentence reduction, lowering his sentence to 168 months' imprisonment.[1]

About two years after Bates's 2016 sentence reduction, Congress passed the First Step Act of 2018. The First Step Act allows district courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No.

---

[1] Bates's motion was based on "Amendment 782, [a 2014 amendment to the Guidelines], which provided for a retroactive, two-level decrease in the offense levels for certain drug offenses." *United States v. Bates*, 672 F. App'x 883, 884 (10th Cir. 2017) (unpublished) (citing U.S. Sentencing Guidelines Manual app. C, amend. 782 (U.S. Sentencing Comm'n 2014)). Amendment 782 thus reduced Bates's total-offense level by two levels, resulting in "an amended advisory Guidelines sentencing range of 168 to 210 months." *Id.* Even though the district court sentenced Bates at the bottom of this range, he appealed his sentence. *See generally id.* We affirmed. *Id.* at 885.

115-391, § 404(b), 132 Stat. 5194, 5222 (citation omitted). Thus, the First Step Act renders retroactive certain sentencing changes Congress had earlier enacted in the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Relevant here, the Fair Sentencing Act raised the quantity of cocaine base needed to trigger the mandatory-minimum sentences contained in § 841(b)(1)(A), (b)(1)(B). To receive a sentence of 10 years to life under § 841(b)(1)(A)(iii), Congress increased the threshold quantity of cocaine base from 50 grams to 280 grams; to receive a sentence of 5 years to 40 years under § 841(b)(1)(B)(iii), Congress increased the threshold quantity of cocaine base from 5 grams to 28 grams. 21 U.S.C. § 841 (2006), *as modified by* Fair Sentencing Act § 2(a)(1)–(2), 124 Stat. at 2372.

Bates was convicted and sentenced under § 841(a)(1), (b)(1)(A)(iii), so he filed in the district court a motion seeking a sentence reduction under the First Step Act.[2] Because the jury had convicted him for possessing 50 grams or more of cocaine

---

[2] Section 404(c) of the First Step Act says that courts may not "entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010[.]" Though the district court sentenced Bates in 2011, the year after Congress passed the Fair Sentencing Act, the court here acknowledged that "he was not sentenced in accordance with the Fair Sentencing Act." R. vol. 1 at 78. And the government agreed that "Defendant was sentenced according to pre-[Fair Sentencing Act] law[.]" *Id.* at 67–68 & n.2. So though the Fair Sentencing Act should have applied at Bates's 2011 sentencing, *see Dorsey v. United States*, 567 U.S. 260, 270, 281 (2012) (concluding "that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders" and noting that the Sentencing Commission had "promulgated conforming emergency Guidelines amendments that became effective on November 1, 2010" (citation omitted)), because Bates's sentence was not "previously imposed" in accordance with the Fair Sentencing Act, we agree with the

3

base, not 280 grams or more, he argued that § 841(b)(1)(A)(iii) "no longer fits"; instead, he claimed that § 841(b)(1)(B)(iii) "controls the sentence range for this case." R. vol. 1 at 39. That said, because in 2016 the district court had granted his motion for a sentence reduction, Bates did not argue that the First Step Act had further diminished his Guidelines range.

Rather, Bates argued that he was entitled to a resentencing under the current version of the Guidelines, through which he asserted that the district court could award him "a mitigating role adjustment[.]" *Id.* at 47; *see also* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.2 (U.S. Sentencing Comm'n 2018) (decreasing a defendant's offense level if he or she was a minimal or minor participant in the criminal offense by four or two levels, respectively).[3] Specifically, Bates sought to invoke a 2015 Guidelines amendment—Amendment 794—which made various updates to § 3B1.2's commentary. U.S.S.G. supp. to app. C, amend.

---

district court and the government that Bates is eligible for relief under the First Step Act.

[3] In addition, Bates requested a variance, arguing (among other things) that his "rehabilitation efforts" warranted "consideration at resentencing." R. vol. 1 at 54 (citation omitted). After considering the 18 U.S.C. § 3553(a) sentencing factors, the district court rejected Bates's variance request, observing that Bates had received "two incident reports since incarceration." R. vol. 1 at 79. In *United States v. Mannie*, ___ F.3d ___, ___, No. 19-6102, 2020 WL 4810084, at *11 n.18 (10th Cir. Aug. 18, 2020), this court ruled that the § 3553(a) factors "are permissible, although not required, considerations when ruling on a 2018 [First Step Act] motion." Here, the district court considered the factors, and its refusal to vary is within its discretion. *See id.* at *7, *11 & n.18. And regardless, on appeal, Bates does not contest this ruling, instead challenging only whether the district court erred by denying "Mr. Bates's request to consider a mitigating role adjustment pursuant to the 2018 Guidelines Manual[.]" Appellant's Opening Br. 1; *see also id.* at 7, 24–25.

4

794, at 116–18 (U.S. Sentencing Comm'n 2018). To take one example, U.S.S.G. § 3B1.2 applies to "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A). Amendment 794 defined what it means to be an "average participant," stating "that, when determining mitigating role, the defendant is to be compared with *the other participants* 'in the criminal activity.'" U.S.S.G. supp. to app. C, amend. 794, at 117 (emphasis added). *But see United States v. Rodriguez-Padilla*, 439 F. App'x 754, 758 (10th Cir. 2011) (unpublished) (noting that "[t]he commentary to § 3B1.2" had not yet specified the relevant comparison and explaining that, at that time, we allowed comparisons both with "other participants in the specific criminal activity" and "with a typical offender committing this type of offense" (citation omitted)). Relying on this and other "substantial changes" resulting from the 2015 amendment, Bates argued that the district court should reconsider whether he was entitled to a mitigating-role adjustment, because he "is exactly the kind of defendant [whom] the Sentencing Commission drafted § 3B1.2 and Amendment 794 for." R. vol. 1 at 47–51.

The district court denied Bates's motion in part,[4] reasoning that the First Step Act does not give defendants a chance at "plenary resentencing." R. vol. 1 at 78. The district court ruled that it could not consider changes outside of "the changes

---

[4] Bates also requested that the district court reduce his term of supervised release, and the district court granted this request and reduced his term of supervised release from 60 months to 48 months.

mandated by the 2010 Fair Sentencing Act." R. vol. 1 at 79 (citation omitted).

Because the mitigating-role-adjustment changes were not changes mandated by the

Fair Sentencing Act, the district court concluded that it could not consider whether

Bates was entitled to the adjustment. He now appeals, and we exercise appellate

jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

We review de novo the breadth of the district court's resentencing authority

under the First Step Act. *See United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir.

2008) (citing *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008)). How far

that authority extends depends on the plain language of Section 404(b) of the First

Step Act:

> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed
> a sentence for a covered offense may, on motion of the defendant, the
> Director of the Bureau of Prisons, the attorney for the Government, or the
> court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing
> Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time
> the covered offense was committed.

In a recent opinion, a panel of this court interpreted this language and concluded

that "plenary resentencing is not appropriate under the First Step Act." *United States v.*

*Brown*, ___ F.3d ___, ___ , No. 19-7039, 2020 WL 5384936, at *5 (10th Cir. Sept. 9,

2020). We also ruled that the First Step Act "does not empower the sentencing court to

rely on revised Guidelines instead of the Guidelines used at the original sentencing." *Id.*

at *5.

6

Bates argues that the district court erred by not resentencing him according to "the current edition of the guidelines." Appellant's Opening Br. 7 (capitalization removed). He relies specifically on Amendment 794, which became effective *after* Bates's 2011 sentencing. U.S.S.G. supp. to app. C, amend. 794, at 118 (stating that "[t]he effective date of this amendment is November 1, 2015" (emphasis removed)); *see also United States v. Diaz*, 884 F.3d 911, 913 n.1 (9th Cir. 2018) ("Amendment 794 to § 3B1.2 became effective on November 1, 2015."). In other words, and as Bates noted in the district court, he relies on "substantial changes" made to the mitigating-role adjustment "[s]ince Mr. Bates was sentenced[.]" R. vol. 1 at 47.

But under *Brown*, Bates is not entitled to a reduced sentence based on those changes. ___ F.3d at ___, 2020 WL 5384936, at *5 ("[T]he First Step Act also does not empower the sentencing court to rely on revised Guidelines instead of the Guidelines used at the original sentencing."). As a result, we reject Bates's argument that the district court erred by not applying the current version of the Guidelines.

## CONCLUSION

The district court did not err by refusing to consider whether Bates qualifies for a mitigating-role adjustment based on Guidelines revisions that took effect after his original sentencing. Accordingly, we affirm the district court's dismissal in part

7

of Bates's motion for a sentence reduction under the First Step Act.

Entered for the Court


Gregory A. Phillips
Circuit Judge